**Michael Bandalaria PE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70194.

INS No. A73–428–778.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2000.

Decided June 1, 2001.

Before KOZINSKI, KLEINFELD, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Asylum petitioners have the burden of proving by "credible, direct, and specific evidence" that they are entitled to relief. *Meza–Manay v. INS*, 139 F.3d 759, 763 (9th Cir.1998) (internal quotation marks omitted). Although credible testimony may satisfy the burden of proof, if the IJ "does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000); *see also Abovian v. INS*, 219 F.3d 972, 978 (9th Cir.2000) ("[I]ndepen-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dent corroborative evidence is not required from asylum applicants *where their testimony is unrefuted.*" (emphasis added)).

Petitioner was found not credible because he hesitated during key parts of his testimony; his account of conditions in the Philippines was belied by the State Department Country Report; and he "offered no evidence, beyond his own testimony" to support his claim. The BIA may not require corroboration where petitioner cannot reasonably be expected to provide it. But here petitioner had relatives living in the United States who were familiar with petitioner's alleged persecution. Petitioner did not credibly explain why his brother and mother failed to testify on his behalf or why they failed to send a letter or a supporting affidavit. *See Sidhu,* 220 F.3d at 1091 ("The IJ and BIA might well have inferred that Petitioner knew that his [relative] could not corroborate Petitioner's testimony, and chose not to call him as a witness for that reason."). Because both the BIA and the IJ could reasonably doubt his testimony, they were entitled to conclude that petitioner failed to meet his burden of proof.

DENIED.

McKEOWN, dissenting.

McKEOWN, Circuit Judge.

I respectfully dissent. Stripped to its essence, the conclusion that Dr. Pe "offered no evidence beyond his own testimony" is a bare assertion of negative credibility based solely upon the absence of corroborative documentation and upon his hesitancy in addressing a minor, collateral matter. Such a finding does not comport with our precedent. *See Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000); *Abovi-*

---

*an v. INS,* 219 F.3d 972, 978–79 (9th Cir. 2000).